IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20024
Summary Calendar
_____

ANTHONY L. PIERCE,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director, Texas
Department of Criminal Justice,
Institutional Division; BRUCE
THALER; AKBAR SHABAZZ,

                                        Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-3512
- - - - - - - - - - -
November 3, 1998
Before EMILIO M. GARZA, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Anthony L. Pierce, Texas prisoner no. 587, appeals the
district court's denial of IFP status.  The district court denied
IFP both for non-compliance with the PLRA and because it found
that the appeal was not brought in good faith.  We note that
Pierce has still failed to comply with the PLRA's dictate that he
file a current copy of his prisoner trust fund; however, we find
that his non-compliance is mooted by the district court's entry
of a filing fee order.  We thus analyze the district court's

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

determination that Pierce is not entitled to proceed IFP because his appeal is not taken in good faith in accordance with the dictates of Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Pierce has requested appointment of appellate counsel, this request is DENIED AS UNNECESSARY. The district court was correct in determining that Pierce's free exercise claims are frivolous. See Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992); Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995). To the extent Pierce argues that his shaving pass was revoked based upon an improper determination that it was no longer medically necessary, his claim is also frivolous; disagreement with medical treatment does not state a claim for violation of the Eighth Amendment. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Liberal interpretation of Pierce's complaint, however, reveals that Pierce may be arguing that his shaving pass was not revoked but that he was nonetheless forced to shave. A pro se prisoner is entitled to develop his complaint factually before it is dismissed by the district court without service for frivolousness or failure to state a claim. See Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994). If the plaintiff "might have presented a nonfrivolous section 1983 claim" through a Spears hearing or through a questionnaire, then a dismissal as frivolous is premature. Id. at 9. This court has not addressed, in a published opinion, whether forcing a prisoner to shave when he has a dermatological skin condition caused or aggravated by shaving can constitute deliberate indifference to a severe medical need. Although this court has held that minor ailments

do not constitute a serious medical need, <u>see</u> <u>Wesson v. Oglesby</u>, 910 F.2d 278, 283-84 (5th Cir. 1990), the district court assumed that Pierce's condition was minor without eliciting additional information from Pierce regarding his condition.

Pierce's motion for IFP is therefore GRANTED. The district court's dismissal of Pierce's First Amendment claims is AFFIRMED. The district court's dismissal of Pierce's Eighth Amendment claims is vacated and remanded for further factual development.

MOTION FOR IFP GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION FOR APPOINTMENT OF COUNSEL DENIED AS UNNECESSARY.